UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-80288-CIV-HURLEY

| | |
|---|---|
| CHANEL, INC., a New York Corporation<br><br>Plaintiff,<br><br>vs.<br>HETTY FELDMAN PALANT a/k/a HETTY PALANT d/b/a DESIGNS BY HETTY and DOES 1-10<br><br>Defendants. | **STIPULATED CONSENT PERMANENT INJUNCTION** |

WHEREAS, this action having been commenced by the Plaintiff, Chanel, Inc. ("Chanel"), against Hetty Feldman Palant a/k/a Hetty Palant d/b/a Designs by Hetty ("Palant"), alleging *inter alia*, trademark counterfeiting, trademark infringement, dilution, and unfair competition, and the Plaintiff and the Defendant having resolved the Plaintiff's claims to each of their satisfaction;

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction of the subject matter of all counts of this action and over the named parties hereto.

2. Chanel is the owner of the following trademarks (the "Chanel Marks") in connection with handbags, wallets, sunglasses and other goods:

| Mark | Reg. No. | Date of Registration |
|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 |

| | | |
|---|---|---|
| CHANEL | 0,902,190 | November 10, 1970 |
| CC Monogram | 1,314,511 | January 15, 1985 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CC Monogram | 1,501,898 | August 30, 1988 |
| CHANEL | 1,510,757 | November 1, 1988 |
| CC Monogram | 1,654,252 | August 20, 1991 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CC Monogram | 1,734,822 | November 24, 1992 |
| CC Monogram | 3,025,934 | December 13, 2005 |
| CC Monogram | 3,025,936 | December 13, 2005 |
| CHANEL | 0,906,262 | January 19, 1971 |
| CC Monogram | 1,271,876 | March 27, 1984 |
| CHANEL | 0,955,074 | March 13, 1973 |
| CHANEL | 1,571,787 | December 19, 1989 |

which are registered in International Classes 9 and 18 and are used in connection with manufacture and distribution of, among other things, high quality handbags, and costume jewelry, namely earrings.

3.  The Defendant and her respective officers, agents, servants, employees, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

> A.  manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods; bearing the Plaintiffs' Respective Marks;

B. using the Plaintiff's Marks in connection with the sale of any unauthorized goods;

C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

D. falsely representing herself as being connected with the Plaintiffs, through sponsorship or association,

E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendant, are in any way endorsed by, approved by, and/or associated with the Plaintiff;

F. using any reproduction, counterfeit, copy, or colorable imitation of the Plaintiff's Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant, including, without limitation, handbags, wallets and/or sunglasses;

G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendant goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff;

H. offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Plaintiff's Marks; and

J.   effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

6.   This Court will retain continuing jurisdiction over this cause to enforce the terms of this Stipulated Consent Permanent Injunction and the Confidential Settlement Agreement dated April 11, 2008, between the parties.

7.   Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

8.   All allegedly counterfeit goods currently in the possession, custody or control of Palant or her counsel shall be immediately delivered to Plaintiff's counsel and be destroyed under the direction of the Plaintiff.

SO STIPULATED:

Dated this ____ day of April, 2008.

                          STEPHEN M. GAFFIGAN, P.A.
                          Counsel for Plaintiff
                          312 S.E. 17th Street, Second Floor
                          Ft. Lauderdale, Florida 33316
                          Telephone: (954) 767-4819
                          Facsimile: (954) 767-4821
                          Email: Stephen@smgpa.net

                      By: _____s:/smgaffigan/_____
                             Stephen M. Gaffigan
                             Fla. Bar No. 025844

GENOVESE, JOBLOVE & BATTISTA, P.A.
200 East Broward Boulevard
Suite 1110
Ft. Lauderdale, Florida 33301
Telephone: 954.453.8000
Direct line: 954.453.8037
Facsimile: 954-453-8010
E-mail: bgruher@gjb-law.com

By: s:/bgruher/
Barry P. Gruher
Fla. Bar No. 960993

SO ORDERED this 23 day of April, 2008.

*Daniel T.K. Hurley*
DANIEL T.K. HURLEY
District Court Judge

cc all counsel